UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

----------------------------------x

 RAYMOND ARAN,

                    Plaintiff,

                                        **MEMORANDUM & ORDER**

          -against-                     21-CV-4748(EK)(LB)

 DEPARTMENT OF TREASURY and INTERNAL
 REVENUE SERVICE,

                    Defendants.

----------------------------------x

ERIC KOMITEE, United States District Judge:

          *Pro se* plaintiff Raymond Aran has filed a pleading

titled "Petitioner Request to Dismiss for Lack of Jurisdiction"

that I construe as a complaint.  ECF No. 6.  In essence,

Plaintiff argues that the defendant — the U.S. Treasury — lacks

"jurisdiction" to tax him.  For the reasons set forth below, the

action is dismissed.

## I.   Background

          Plaintiff appears to challenge his obligation to pay

income tax.  The underlying facts of that challenge are not set

forth in the complaint itself, but some details emerge from

various exhibits attached to the complaint.  The exhibits

indicate that plaintiff owes income tax to New York State and to

the Internal Revenue Service, and that he has been served with

notices that his property is subject to levy or seizure because

of his failure to pay.  Compl. at 55-58, 74-82.  The remedy he

seeks is also unclear, but it appears that Plaintiff wishes this Court to declare that the state and federal government do not have "jurisdiction" to tax him.

## II.  Legal Standard

In reviewing Plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).  Notwithstanding the liberal pleading standard afforded to *pro se* litigants, however, plaintiff must establish that the court has subject matter jurisdiction over the action. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000).  "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).  The subject-matter jurisdiction of the federal courts is limited: Federal jurisdiction exists only when a federal question is presented or when there is diversity of citizenship and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331-32.  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (internal citation omitted).  When subject-

2

matter jurisdiction is lacking, the court must dismiss the complaint.  *Id.*; *see also* Fed. R. Civ. P. 12(h)(3).

Moreover, even when, as here, a plaintiff has paid the filing fee, a district court may dismiss the case *sua sponte* if it determines that the action is frivolous.  *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000).  An action is frivolous as a matter of law when it is "based on an indisputably meritless legal theory" — that is, when it "lacks an arguable basis in law . . . or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 473 (2d Cir. 1998).  This standard authorizes dismissal when, among other things, it is "clear" that the defendant is immune from suit.  *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999).

### III. Discussion

**A.   The United States is the Actual Party in Interest**

As an initial matter, neither the IRS nor the Department of the Treasury are subject to suit here.  The IRS is an agency of the United States.  *See* 26 U.S.C. 7801(a)(1) ("[T]he administration and enforcement of [Title 26 of the United States Code] shall be performed under the supervision of the Secretary of the Treasury.").  No suit may proceed against the IRS either for a refund of tax allegedly improperly collected or for monetary or injunctive relief because Congress

has not authorized suit against the IRS in its own name.  *See generally Blackmar v. Guerre*, 342 U.S. 512, 515 (1952) (holding that Congress must give express authorization for an agency to be sued in its own name); *Calixte v. IRS.gov*, No. 21-CV-1419, 2021 WL 3847935, at *1 (E.D.N.Y. Aug. 26, 2021) ("Congress has not authorized suit against the IRS.") (citing *Liffiton v. Keuker*, 850 F.2d 73, 77 (2d Cir. 1988)); *In re Hall*, 629 B.R. 124, 141 (Bankr. E.D.N.Y. 2021) ("[W]here a plaintiff – including a taxpayer – seeks to assert a claim concerning its tax liability, it is the United States, rather than its agency the IRS that may be sued.").

Therefore, neither the IRS nor the Treasury Department is a proper defendant here; the Court treats this lawsuit as one against the United States. *See* e.*g.*, *Dubay v. IRS*, No. 3:96-CV-1399, 1997 WL 76577, at *2 (D. Conn. Feb. 7, 1997).

**B.   Subject Matter Jurisdiction**

1.   <u>Sovereign Immunity</u>

With the United States identified as the appropriate defendant, the case must be dismissed on the basis of its sovereign immunity.  "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see also Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005) ("[The] shield of sovereign immunity protects not only the United States but also its

4

agencies and officers when the latter act in their official capacities."). Absent such a waiver, courts have no subject matter jurisdiction over cases against the United States government. *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004).

A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and cannot simply be implied." *Id.* at 150 (internal citations omitted). Aran's complaint invokes no Internal Revenue Code provision or other statute on point. And while the IRC does permit an action against the Service for "wrongful" collection of taxes under certain circumstances, 26 U.S.C. § 7433, the relevant statute also requires a plaintiff to exhaust administrative remedies as a prerequisite to suit in federal district court. *See Roberts v. I.R.S.*, 468 F. Supp. 2d 644, 649 (S.D.N.Y. 2006). Aran has not pleaded that he pursued, let alone exhausted, any administrative remedies. Nor has he alleged the other elements of a Section 7433 claim. Aran has therefore failed to establish that this action is within the scope of the Government's consent to be sued. His suit is barred by the doctrine of sovereign immunity.

2. The Anti-Injunction Act

In addition, the Anti-Injunction Act ("AIA") permits the United States to assess and collect taxes without judicial intervention. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736–37

(1974); *Black v. United States*, 534 F.2d 524, 526–27 (2d Cir. 1976). Specifically, it states that, excluding certain exceptions not implicated here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The Supreme Court has held that this statutory provision bars suit against the United States for an injunction against the collection of taxes. *Enochs v. Williams Packing & Nav Co.*, 370 U.S. at 6. Therefore, to the extent that Plaintiff requests injunctive relief preventing the IRS from collecting on his tax liabilities, his request is barred by the Anti-Injunction Act.

3.   The Declaratory Judgment Act

Plaintiff essentially asks the Court to declare that he is not subject to the provisions of the Internal Revenue Code. Because the Plaintiff requests that the Court make declarations regarding the payment of his taxes, his declaratory judgment claims are barred by the Declaratory Judgment Act and dismissed for lack of jurisdiction. While the Declaratory Judgment Act empowers courts to "declare the rights and other legal relations of any interested party seeking such declaration," it expressly excepts cases "with respect to Federal taxes." 28 U.S.C. § 2201(a); *S.E.C. v. Credit Bancorp,*

*Ltd.*, 297 F.3d 127, 137 (2d Cir. 2002) ("Thus, whether or not that Act waives the sovereign immunity of the United States with respect to other types of actions, it explicitly excludes from any such waiver the power to declare rights or obligations with respect to federal taxes.").

Accordingly, to the extent Plaintiff seeks declaratory relief, the Court lacks jurisdiction under the Declaratory Judgment Act. *Calen v. United States*, No. 18-CV-182183, 2020 WL 3129063, at *8 (E.D.N.Y. Mar. 13, 2020), report and recommendation adopted, No. 18-CV-2183, 2020 WL 2537262 (E.D.N.Y. May 19, 2020).

## C. Frivolous Claim

Plaintiff's complaint sounds in the familiar refrain of the so-called sovereign citizen, with its references to Plaintiff as a "secured party," "sui juris," "non-participant in any government programs," its attachments of the "discharge" of his birth certificate and social security card and UCC financing statements, and arguments that are consistent with a sovereign citizen ideology.  As the Second Circuit has explained, "[t]he sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, n. 1 (2d Cir. 2013).  They seek to "delay proceedings" by "raising

numerous — often frivolous — arguments, many alleging that the
Courts or the Constitution lack any authority whatsoever."
*United States v. McLaughlin*, 949 F.3d 780, 781 (2d Cir. 2019).

Courts have resoundingly rejected the particular
sovereign-citizen type of claim Plaintiff appears to advance
here, namely, that his status as a sovereign citizen relieves
him of his obligation to pay taxes. *See, e.g., Bey v. State of
Indiana,* 847 F.3d 559, 559-61 (7th Cir. 2017) (referring to
attempts to evade taxation under sovereign citizen theories as
"frivolous"); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir.
1994) (dismissing "free sovereign" type of arguments in a
federal tax case as "completely without merit" and "patently
frivolous"); *see also Cheek v. United States*, 498 U.S. 192, 199
(1991) (rejecting sovereign-citizens' argument that the income
tax is unconstitutional). As the case law makes clear,
Plaintiff's claim lacks an arguable legal basis and must be
dismissed as frivolous.

**D.   Leave to Amend Denied as Futile**

Any amendment in this case would be futile. *See
Russell v. Aid to Developmentally Disabled, Inc.*, 753 F. App'x
9, 15 (2d Cir. 2018) ("Leave to amend may properly be denied if
the amendment would be futile.") (citing *Anderson News, L.L.C.
v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012)). First,
the sovereign immunity, the Anti-Injunction Act, and the

Declaratory Judgment Act bars Aran's suit against the United States, and he could not possibly overcome the jurisdictional bar by pleading additional facts.  Second, his entire complaint is derived from various sovereign citizen theories, which have already been held to be "patently frivolous." *United States v. Studley*, 783 F.2d 934, 937 n. 3 (9th Cir. 1986) (noting that theories of immunity to taxation based on sovereign citizenship had been "thoroughly rejected by every branch of the government for decades" and "such utterly meritless arguments" were "the basis for serious sanctions [to be] imposed on civil litigants who raise them").

## IV.  Conclusion

For the reasons set out above, the complaint is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12 (h)(3), and as frivolous. *See Fitzgerald*, 221 F.3d at 363-64; *Livingston*, 141 F.3d at 473; *Montero*, 171 F.3d at 760.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to correct the caption to reflect the fact that Plaintiff is suing both the IRS and the Department of Treasury, enter judgment, and close this case. The Clerk of Court is also respectfully directed to send a copy of this order to Plaintiff by mail and to note the mailing on the docket.

SO ORDERED.

/s/ Eric Komitee

ERIC KOMITEE

United States District Judge

Dated:      February 8, 2022

Brooklyn, New York

10